**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 2, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

ADAN ALBERTO SOBERANIS,

    Defendant - Appellant.

No. 16-4191
(D.C. No. 1:14-CR-00029-CW-BCW-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

After entering into a plea agreement that included a broad appeal waiver, Defendant Adan Soberanis pleaded guilty on March 14, 2016, to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The parties agreed to a sentence of 100 months. The United States District Court for the District of Utah accepted Defendant's plea, and on October 19 it sentenced Defendant to the stipulated term of imprisonment of 100 months.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Despite the appeal waiver, Defendant has appealed the district court's judgment. Discerning no meritorious issues for appeal, his attorney filed an *Anders* brief and a motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744, (1967) (defense counsel may "request permission to withdraw" when counsel conscientiously examines a case and determines that an appeal would be "wholly frivolous"). As required by *Anders*, Defendant was provided a copy of the brief and the clerk sent him a letter informing him that he could respond with any meritorious arguments within 30 days. *See id.* But Defendant has not filed a brief, and the United States also chose not to submit a brief. We have jurisdiction under 28 U.S.C. § 1291. After independently examining the record, we agree with defense counsel that Defendant's appeal waiver was valid. Accordingly, we grant the motion for leave to withdraw and dismiss the appeal.

*United States v. Hahn* sets forth three factors to consider in evaluating an appeal waiver: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d 1315, 1325 (10th Cir. 2004). Here, all *Hahn* factors support enforcing the waiver.

First, the waiver provides:

(a) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth

2

in this plea agreement.

(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

Plea Agreement, R., Vol. I at 22. The sentence imposed on Defendant does not trigger either the first or second exception to the waiver since (a) the term of imprisonment of 100 months is exactly the amount stipulated by the plea agreement and (b) Defendant does not bring, and we see no possible ground for, an ineffective-assistance-of-counsel claim.

Second, the record reflects that Defendant knowingly and voluntarily waived his right to appeal. The plea agreement Defendant signed shows both that he understood that he had a right to appeal and that he chose to "knowingly [and] voluntarily" waive most of that right. *Id.* And the district court confirmed with him at the plea hearing that he understood the nature of the charge and the maximum penalty, that he understood the consequences of the appeal waiver, and that he was entering his plea voluntarily.

Finally, we see nothing to suggest that enforcement of the appeal waiver would cause a miscarriage of justice.

We **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

Entered for the Court


Harris L Hartz
Circuit Judge

3